PETROPLUS, JUDGE:
Claimant filed a claim for $900.00 alleging damages to a private driveway, formerly old State Route 7, a cornfield and crops on his property due to water overflows after a heavy rain on June 14, 1971, which could not be adequately carried away by the drainage ditches and culverts maintained by the respondent on a reconstructed State Route 7 near Kingwood in Preston County, West Virginia.
The respondent answered saying claimant’s claim, if any, resulted from the natural flow of surface water, a common enemy, and that the drainage resulted from an Act of God and was damnum absque injuria.
The evidence at the hearing disclosed by photographs that claimant’s property and dwelling house is rather precariously situated ad *139 jacent to and below the level of a hillside road known as the new State Route 7, which replaced the old State Route 7, now abandoned and used as a private driveway providing access to the dwelling house. The property as situated receives the natural flow of surface water from the new road and hill on the side of the road opposite to claimant’s property: culverts had been installed by the State approximately 200 feet and 500 feet from the private driveway, and at the time of the flooding of claimant’s property were either broken or stopped up with debris. In either event they were not functioning in such a manner as to carry off the rain water adequately so as to prevent flooding of claimant’s property.
One of the culverts in question was damaged by an automobile about nine months before the flooding and the State upon notice of the accident made some effort to repair the damaged culvert. The rainfall causing the flooding appeared to be a three inch fall in a four hour period, a rather heavy rain which threw a great volume of water on to claimant’s property below the road, washing the gravel away from his private road and the soil from his cornfield in gullies one to two feet deep.
Before we can hold the State responsible for the damage caused by the flooding of claimant’s property, we must conclude that respondent in some manner neglected to exercise reasonable care to protect the property from foreseeable rainfalls. Adequate drainage of surface water collected and diverted by road construction must be provided, and culverts to carry away this drainage should be maintained in a reasonable state of repair by the State.
We conclude that the unusual flooding of claimant’s property is attributable to either some inadequacy in placing the side ditches and drains constructed with the new road or failure to keep open and maintain the drains so as to forestall the flooding of private property below road level by heavy rainfalls.
Although no expert testimony was offered in this case to establish cause and effect, the uncontradicted evidence of the claimant that a drainage problem existed and that the State had been notified to take remedial measures is persuasive in our finding that claimant’s property was damaged by the negligent failure of the respondent to provide proper and adequate drainage of surface water collected and diverted by the new road. We further conclude that the rainfall in question, *140 though heavy, was foreseeable and was not of such volume as to come within the defense of Act of God.
The amount of damage was not controverted by the respondent; and we fix his damages in the amount of $750.00, the lower of the estimates for resurfacing the private road. An award is accordingly made.
Claim allowed in the amount of $750.00.