GARDEN, JUDGE:
Claimants Carl and Pauline Moats are the owners of a farm located on Route 1 in Moatsville, Barbour County, West Virginia. Mr. and Mrs. Moats allege in their Notice of Claim that a pond located upon their property was ruined when employees of the *244 respondent dug a ditch thereon which drained into the pond and washed it away.
According to the undisputed testimony of Mrs. Moats, a phone call was made by her to the respondent’s superintendent of Barbour County, Mr. O’Neil. Mrs. Moats explained the situation to him, and two months went by without any further action on the part of the respondent. Mrs. Moats testified that she called Mr. O’Neil again, and was informed that no action at all was to be taken concerning her property.
Meanwhile, according to the testimony of the Moatses, their pond became covered with scum and unfit for the purpose of watering their livestock. Whereupon Mrs. Moats and her son took it upon themselves to place rocks and dirt in the ditch in an attempt to block the flow of water onto their land. When an employee of the respondent returned and reopened the ditch, Mrs. Moats informed him of the existence of the pond. After the ditch was reopened, however, water once again began to run into the pond. Admitted into evidenced was a check in the amount of $165.00 which claimants paid for dozer work on the ruined pond.
Testifying on behalf of the respondent was claims investigator Sam Paletta, who described the road adjacent to the claimants’ property as a Delta Road, requiring only routine maintenance by the respondent. Mr. Paletta stated that the purpose of the ditch line in that area was to provide a means for water run-off from the surface of the roadway. It was Mr. Paletta’s assertion that if the claimants left the ditch line open to allow the proper flow of water, there would be no problem.
Before the State can be held responsible for the destruction of claimants’ property, it must be established that the respondent neglected to exercise reasonable care to protect the property from foreseeable water damage. Wotring v. Dept. of Highways, 9 Ct. Cl. 138 (1972).
It is apparent from the evidence in this case that the flooding of claimants’ pond was the result either of negligent placement of the ditches along the road or of blockage of those ditches.
Claimant Pauline Moats’ uncontradicted testimony that the property in question had been flooded and that the State had been notified of the drainage problem but refused to take action, establishes that the Moats property was damaged by the negligent *245 failure of the respondent to provide proper and adequate drainage of surface water along the Delta Road. The statement by respondent’s witness, that the flooding occurred because of the blockage of the ditch line by the claimants themselves, did not address itself to the real issue of why the respondent refused to remedy the situation after it had been given notice of the problem. The undisputed testimony of Mrs. Moats established that the claimants took no measures to block the drainage ditch until over two months had elapsed from the time they reported the problem to the respondent.
Being of the opinion that the negligence of the respondent in failing to correct the drainage problem along the road adjacent to claimants’ property was the proximate cause of the flooding and eventual destruction of the pond located upon claimants’ property, the Court makes an award to the claimants in the amount of $165.00, representing the amount paid by the claimants for dozer work on the ruined pond.
Award of $165.00.