LYONS, JUDGE:
Claimants Paul E. Miller and Marguerite Miller filed their claim against the respondent for the loss of their house situate in Bancroft, West Virginia, below W.Va. Route 35/9, just off Route 62. The claimants had lived on their property at Bancroft since 1950, and in 1980, as a result of slides or a slip, their home was destroyed. An appraisal, introduced as a joint exhibit by the parties, assessed the damages from the loss of the home as $39,000.00. The claimants contend that the respondent has failed to properly maintain a drainage ditch above claimants’ property. Respondent’s failure to maintain the ditch properly caused water to be discharged over claimants’ property causing the earth slippage over the hillside above claimants’ property.
The respondent contends that the slide was caused by a natural drainage condition off the hillside itself and that the hillside is a slide prone area. There have been a number of slides on the same hillside area, but they are not before us for decision. The slippage of earth involved here is approximately 2,000 feet wide and 300 feet long. A number of experts testified, including Bhajan S. Saluja, who testified that the cause of the slippage was due to an improper drainage from W.Va. Route 35/9. This condition of excessive drainage was communicated to the respondent in 1976. Respondent admitted that the road has caused maintenance problems that it was almost impossible to provide drainage, and that funds were not available to correct the condition.
*478 A preponderance of the evidence indicated that claimants’ home was destroyed as a result of the improper maintenance of Route 35/9, although the respondent had sufficient notice to correct the same. The respondent is under a legal duty to use reasonable care to maintain the ditch line in such condition that it would carry off the surface water and not direct it onto claimants’ property. See Wotring v. Dept. of Highways, 9 Ct.Cl. 138 (1972); Stevens v. Dept of Highways, 12 Ct.Cl. 180 (1978).
The Court is of the opinion that claimants have shown, by a preponderance of the evidence, that the damage resulted from the improper maintenance of the ditch line, and makes an award to the claimants in the amount of $39,000.00.
Award of $39,000.00.