RULEY, JUDGE:
This $25,000.00 claim arises out of alleged negliger.ce of the respondent in the location, construction, and maintenance of a drainage ditch on W.Va. Route 53, Kanawha County, West Virginia. Route 53 is also known as Buff Lick Road. In 1968, claimant purchased a house and 4-acre lot, located on the downhill side of Buff Lick Road. Between 1968 and 1974, she experienced no problem with water drainage on the property. In 1974, a driveway was built upon nearby property on the uphill side of Buff Lick Road. That driveway is opposite claimant’s driveway. The record was unclear as to who constructed the driveway, although there was some evidence that it was constructed under a permit issued by respondent. Concurrent with the construction of the driveway was the construction of a ditch line. The ditch line was built on respondent’s right-of-way. Scant description was given of the ditch line, although it was called “basically a homemade structure” by claimant. The ditch line was lined with cinderblock, and underneath the driveway was a 15-inch culvert. Since that construction, claimant has had water damage to her land and home.
The claimant testified, as did several of respondent’s employees, that she has made numerous complaints about the ditch line since 1974. She stated that the ditch was frequently clogged with debris, which diverted water onto her land. Respondent would pull the ditch, but it would quickly become clogged again. In July 1979, claimant sustained major flood damage. After that damage, respondent repaired the ditch line and re *487 placed the 15-inch culvert with a 24-inch culvert. There have been no problems since.
Respondent’s witness, Hardeep Chawla, an engineer, testified that the clogged ditch would have caused drainage problems for the claimant. He further stated that while a 15-inch culvert is the minimum accepted size, this would not be an adequate size for the location. The claimant has established by a preponderance of the evidence that the respondent was aware of the drainage problem for aproximately five years before making adequate repairs. The respondent has, therefore, failed to exercise reasonable care to prevent damage to claimant’s property, and is liable for the damages sustained. Wotring vs. Dept. of Highways, 9 Ct.Cl. 139 (1972). The only evidence of damages presented was an estimate in the sum of $18,910.00 for costs of repair to claimant’s house. The Court renders an award in that amount. See Jarrett vs. E. L. Harper & Son, Inc., 235 S.E.2d 362 (1977).
Award of $18,910.00.