RULEY, JUDGE:
Claimant owns a tract of land on Cane Fork Road near St. Albans, Kanawha County, West Virginia. The area of the tract is approximately 1.5 acres and it is improved by a one-story house in which claimant resides. The western side of the property is bounded by 2 3/4 Mile Creek, and Cane Fork Road runs along the south side. When claimant moved onto the property, there was a bridge where the road crossed the creek. Sometime around 1974, the bridge was damaged, and respon *508 dent replaced it with two 5 or 6 foot steel culverts. Claimant alleges that since the culverts were installed, trash and debris have blocked the culverts and caused flooding on the property. He seeks damages in the amount of $50,000.00.
Claimant testified that the creek had not flooded when the bridge was in place, and this testimony was corroborated by claimant’s aunt, Edith Lewis, who has lived on nearby property for 28 years. Claimant stated that he had made numerous complaints to respondent concerning the condition of the culverts, but no action was taken. Photographs introduced into evidence show extensive flooding in the affected area, as well as debris partially blocking the culverts. No evidence was introduced by respondent to refute claimant’s allegation, that the flooding did not occur prior to the installation of the culverts. From those circumstances, the Court is constrained to conclude that the fill and culverts installed by the respondent have not served their intended purpose but, instead, have served to obstruct the natural flow of the creek and divert its waters onto the claimant’s property. See Haught vs. Department of Highways, 13 Ct. Cl. 237 (1979); Johnson vs. Department of Highways, 13 Ct. Cl. 380 (1979); Adkins, et al. vs. Department of Highways, 12 Ct. Cl. 185 (1977); and Wotring vs. Department of Highways, 9 Ct. Cl. 138 (1972).
Claimant testified that he purchased the property intending to use .5 acres as a tfailer court. It is this portion of the property which has been subject to floods; no damage has occurred to the house. The floods have occurred several times a year since the installation of the culverts, and have made the land unsuitable for use as a trailer court.
Testimony was presented in an effort to establish rental rates in other trailer courts near claimant’s property. However, as claimant has never had trailers on the land, an award of damages for lost rent would be speculative. An appraisal report prepared by Dennis A. Robinson valued the entire tract of land without improvements at $10,000.00. Since approximately one-third has been affected by the flooding, the Court concludes that $3,000.00 would be a suitable award.
Award of $3,000.00.