WALLACE, JUDGE:
Claimant Cecil Ray Haught is the owner of a modern frame residence located on Route 3 in Fairmont, Marion County, West Virginia, on what is known as the Winfield Road, near the Pricketts Creek interchange of Interstate 79.
*238 Claimant alleges that a concrete culvert, constructed by the respondent under I-79 at the Pricketts Fork Exit, became jammed with logs and debris during heavy rains on July 3,1978. As a result, the water backed up and flooded onto Mr. Haught’s property, filling the basement of his residence with water up to the ceiling. Damaged in the flood were a furnace, washer, dryer, freezer full of food, and medications for Mrs. Haught.
Approximately two weeks later, on July 16, 1978, another heavy rainfall struck the area. Since the logjam created by the first flood still blocked the culvert, claimant’s basement was once again flooded to the ceiling. The second flood, of greater force and severity, caused damage to the foundation, doors, and windows of the basement.
Testifying on behalf of the respondent was Randolph Epperly, Jr., a Design Engineer employed by the Department of Highways. Mr. Epperly checked the specifications for the culvert in question and stated that, for an interstate highway, the State and Federal requirements are “for a drainage of a 50-year design storm.” He explained that a 50-year design storm is a storm that would statistically occur once every fifty years.
From the photographs which were admitted into evidence as Claimant’s Exhibits 4 and 7, Mr. Epperly observed that the material blocking the culvert consisted of logs and other debris, and that it would take “more than a normal rainfall” to supply enough velocity to move such debris. Mr. Epperly stated that when the box culvert was designed, it was not designed to flow full. The nine-foot-high culvert was made to flow 7.2 feet full, leaving a 1.8-foot “free board” for the passage of the debris from a 50-year storm.
To hold the State responsible for the damage to claimant’s property caused by the flooding, it is necessary to find that the respondent was negligent in failing to protect the property from foreseeable flood damage. Adequate drainage of surface water must be provided, and culverts to carry away the drainage must be maintained in a reasonable state of repair by the State. Wotring v. Dept. of Highways, 9 Ct.Cl. 138 (1972).
The Court finds that the unusually heavy rainfall which resulted in the flooding of claimant’s property on July 3, 1978, was *239 adequately provided for by the respondent by its construction of the nine-foot box culvert. However, the respondent was negligent in the maintenance of this culvert, which was the cause of the second flooding two weeks later. In the Court’s opinion, the respondent had notice of the first flood and resultant clogged culvert, and, having failed to take any steps to correct the situation, must be deemed liable for the damage to the claimant’s property caused by the flood of July 16, 1978.
Damaged in that second flood, according to claimant’s testimony, were the foundation, doors, and windows of his basement. Claimant’s Exhibit 13, which lists all items destroyed or ruined in both floods, reveals that the structural damage to the basement following the second flood amounted to $2,300.00. Accordingly, the Court hereby makes an award to the claimant in that amount.
Award of $2,300.00.