PER CURIAM:
The claimants, James R. Rogers, seek an award from the respondent, Division of Highways, for damage to a hot water tank. The claimants contend that a drop inlet located near their home did not function properly and caused water to flood their home during a period of heavy rain. The respondent admits that the storm drain pipe was obstructed, but it contends that the obstruction was located on private property.
The evidence presented at the hearing of this claim established that the claimants’ house is adjacent to the intersection of West Virginia Route 622 and County Route 622/17 in Kanawha County. The drop inlet at issue in this claim is located along County Route 622/17. Sometime in June 1995, the claimants’ home was flooded. A video tape of the incident indicated that water accumulated at a low place on County Route 622/17, the approximate location of the drop inlet, and flowed into a crawl space beneath the claimants’ home. As a result, a hot water tank in the crawl space was destroyed. Fortunately, the claimants’ house sustained no structural damage. According to Judith R. Rogers, she contacted the respondent on several occasions to complain about prior flooding incidents, but no corrective action was taken by the respondent. The cost to replace the hot water tank totaled $156.99.
James C. Markle, a maintenance manager for the respondent, testified that he has examined the area surrounding the intersection of Route 622 and Route 622/17. According to Mr. Markle, the claimants’ house is located in a low lying area, and water flows toward the house from several directions. Based on the observations, Mr. Markle believed the flooding was caused by an obstruction in a drainage pipe in which the drop inlet along Route 622/17 deposits water. Since the opening to the drop inlet appeared to be unobstructed, Mr. Markle deduced that the obstruction was in a section of the drain pipe located on an adjacent land owner with a blocked drain notice. At the time of this hearing, the respondent has taken no other action to correct the flooding problem.
*98 The respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught v. Dept. of Highways, 13 Ct. Cl. 237 (1980). When deciding whether the respondent has violated this duty, the Court will examine if the respondent negligently failed to protect a claimant’s property from foreseeable damage.
The evidence in this claim revealed that the respondent was aware of the drainage problem, but refused to take corrective action. The fact that the flooding was caused by an obstructed drain pipe located on private property will not relieve the respondent from its duty to provide adequate drainage of surface waters. This is especially true in the instant claim, where the evidence established that the respondent utilized a private drainage system to control surface water from a public road. The respondent cannot ignore one of its duties because a problem is located on private property.
Based on the above, the Court finds that the claimants have established liability on behalf of the respondent. Therefore, the Court makes an award to the claimants in the amount of $156.99.
Award of $156.99.