BAKER, JUDGE:
Claimant brought this action for damae sustained to real property allegedly caused b y t he n egligent m aintenance o f t he dr ainage s ystem o n C ounty R oute 1, locally known as West Virginia Avenue in Panther, McDowell County. At this location, County Route 1 is maintained by respondent. This claim was bifurcated at the initial hearing and the issue of liability was heard by the Court; the parties were later informed that the Court was of the opinion that there was liability on the part of the respondent; thereafter, several attempts were made by the Clerk of the Court to schedule a hearing on the issue of damages. The claim recently was set for hearing on *262 November 16, 2000, at which time the Court received and filed a stipulation wherein the parties agreed to the amount of damages. The Court is now prepared to make an award in this claim for the reasons more fully set forth below.
On June 5, 1989, Luther Harmon Savage and Helen Savage purchased the subject property in Panther, McDowell County.[1] The property is situated downhill from County Route 1. At this location, County Route 1 is a third priority, one-lane asphalt road. Beginning in July 1994, Mr. and Mrs. Savage began to experience drainage problems from water on County Route 1. On one occasion in July 1994, the Savages experienced substantial amounts of water flowing onto their property. A drain which is located fifty-two feet from the Savage property allegedly became clogged and the water flowed down the road, proceeded down the driveway and into the yard. Mr. Luther Savage asserted that the water turned his once grassy yard into a “mud hole.” The water also caused the foundation of his residence to sink two to four inches. Mr. Savage placed about fifteen tons of gravel in his yard, but the water flowing into his yard washes it down the side of the mountain to the rear of the property. On several occasions, Mr. Savage had to resod the grass in his yard. On one occasion, there was a landslide which broke off part of the road and deposited debris onto the property. He stated that the water created holes in his yard. Mr. Savage contacted respondent by telephone and in person regarding the problems caused by the water flowing onto his property.
Thereafter, respondent reconstructed the drainage system and placed gabion baskets around the drain. A truck-load of debris was removed from the property. Respondent attempted to clean out the drain pipe, but according to Mr. Savage, it remained stopped up. In addition, respondent ditched the side of County Route 1 at the base of the mountain in an attempt t o p revent w ater from flowing onto the Savage property. Mr. Savage testified that he had to personally clean out the drain pipe and the ditchline on several occasions. Since then, a significant amount of water flow has cut an area six to eight inches wide across the property. This area is about ten feet from where water originally cut a swath across the property. However, when the drain pipe is clean and the ditchline is clear, the water flows through the drain and claimants have no problems on their property. Mr. Savage tried to keep the drain pipe and the ditchline clean himself in an attempt to protect his property from the excessive water flowing from the road.
The position of respondent was that it was not negligent in its maintenance of the drainage system o n C ounty Route 1. According to Crew Leader Kenneth Bowles, County Route 1 is a third priority road. The area in question experienced *263 flooding over the period of July 11 and 12, 1994. At that time, respondent tried to conduct repairs on damaged roads, based on priority. Mr. Bowles asserted that the damage sustained to the Savage property was a result of sudden flood waters overflowing the ditch. Prior to this time, employees of respondent dug a one foot deep ditch and checked the drains. Mr. Bowles further testified that the drains functioned properly.
The Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court w ill examine whether respondent negligently failed to protect a claimant’s property from foreseeable damage. Rogers vs. Div. of Highways, 21 Ct. Cl. 97 (1996).
The Court is of the opinion that respondent was negligent in its maintenance of County Route 1 in McDowell County. Respondent had actual notice of the excessive water problems occurring on the Savage property. Steps were taken by respondent to correct the problem, but the Savage property sustained damage thereto prior to the time that respondent took the corrective measures. Consequently, claimant herein may recover the sustained loss.
As a result of the events described above, the Savage property sustained damage which originally was stated in the claim to be in the amount of $9,000.00. However, as noted herein above, the parties have agreed to stipulate the damages in the amount of $4,000.00. Respondent agrees that the stipulated amount of damages as put forth by the parties is fair and reasonable.
In accordance with the findings of fact as stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $4,000.00.

 Since the November 7, 1996, hearing, Mrs. Savage passed away and Mr. Savage was appointed as the administrator of her estate. Thereafter, Mr. Savage passed away, and Fred Savage was appointed as the administrator of his estate.