PER CURIAM:
Claimant brought this action for damage sustained to his residence due to a drainage problem on County Route 15, locally known as Old Scarbro Road, near Oak Hill. At this location, County Route 15 is maintained by respondent in Fayette County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
In 1989, claimant Dennis Gene Suttle bought his residence along the southern side of County Route 15 near Oak Hill, Fayette County. The residence has a width of fifteen feet and a length of forty feet. Prior to the purchase of the property, claimant did not have the property independently inspected. Jones creek is located on the eastern side of the residence. In addition, Jones creek intersects and flows *301 under County Route 15 through a culvert pipe. At this location, County Route 15 is a secondary asphalt road with two ten feet lanes.
On June 15, 1992, claimant began to experience drainage problems in the area when there were steady rains lasting three to four days. He complained to an employee of the respondent and tried to explain to him that there was a pipe beneath the road. Respondent was not aware of the pipe beneath the road but finally acknowledged that there may be a pipe located in a very deep part of the ground beneath the road. Apparently nothing was done at that time. Claimant continued to have water flowing into his yard on occasion until June 2, 1998, when the water flowed from the creek through his yard and actually flowed into his residence. It then accumulated in a low spot in his yard, which is lower than the level of the road surface. Sometime after June 2, 1998, the city of Oak Hill installed a water line on his property. On August 16, 1998, water again backed up from the creek and flowed into his residence. Apparently, the drain had become clogged and did not function properly. Afterwards, claimant again reported the problem to respondent. Claimant testified that he had done nothing to initiate the clogging of the drain, including any excavation on the property. The damage to the residence caused by the water which came into the residence on August 16, 1998, was estimated to be between $5,000.00 and $8,000.00.
The position of respondent is that it did not have notice of the drainage problem on County Route 15 in Fayette County. Ac cording to Crew Supervisor Michael R. Humphrey, he investigated the area looking for the culvert and when he found t he in let e nd, h e dis covered t hat it h ad b een c overed w ith r ock fill which limited the ability of the pipe to accept water. He estimated the amount of the material covering the pipe to be thirty to forty tons of rock and he described the rocks as being sandstone with the size of the rocks ranging from two to three feet long and a foot to two feet wide. He then searched for and found the outlet end of the pipe fifteen feet on the north side of the road. Mr. Humphrey further testified that he was unaware of how or when the rocks at the inlet end of the pipe got there. He asserted that respondent was not responsible for the placement of the rocks. Thereafter on August 31, 1998, respondent removed about ten feet of rock blocking the drain and replaced the old eighteen-inch pipe with a thirty-six inch pipe. This action taken by respondent remedied the water problems claimant had been experiencing on his property.
The Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court will examine whether respondent negligently f ailed to protect a claimant’s property from foreseeable damage. Rogers vs. Div. of Highways, 21 Ct. Cl. 97 (1996).
*302 In the present claim, the evidence failed to establish that respondent was negligent in its maintenance of the drainage system on County Route 15 in Fayette County. Once respondent had knowledge of the drainage problem, it investigated the water drainage provided for the area, and remedied the situation. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.