PER CURIAM:
Claimant brought this action for damage to his water line which he alleges was caused by respondent’s negligent failure to secure properly a portion of the hillside adjacent to Route 11/1 also referred to as Bill’s Fork Road near Servia in Braxton County. Respondent is at all times herein responsible for the maintenance of Route 11/1 in Braxton County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
Claimant’s residence and property is located adjacent to County Route 11/1. Comity Route 11/1, also referred to as Bill’s Fork Road, is a “semi-improved” tar and shale road with a “sealed top.” The road is approximately ten feet wide and is unmarked. There is a small berm on the right side of the road for northbound traffic and a steep hillside on the opposite side of the road with a small ditch-line located between the edge of the road and the hillside. According to respondent, its right-of-way at the location of this incident is between fifteen to twenty feet from the center of the road in both directions. Claimant owns property on both sides of County Route 11/1 at the location of this incident. According to claimant, there is a distance of approximately seventy to eighty feet from the edge of the highway on the left side of the road to the toe of the slope on claimant’s property at the bottom of the hill. There is a creek located at the bottom of the hill between the hillside and claimant’s meadow. His residence is located on the end of the meadow opposite the road. Claimant estimates that there is a distance of 800 feet from his home to County Route 11/1. Claimant stated that the hillside is located at an approximate seventy degree slope. He stated that the hillside has a steep slope at the top, but at approximately twenty to thirty feet down the slope of the hill it becomes somewhat less steep. The slope of the hillside above the road on the opposite side of the road is less steep. Claimant estimates that it has a fifty-five to sixty degree slope. Claimant’s water line begins at the well which is located on the west side of County Route 11/1 approximately ten to fifteen feet from the road. The well is on a portion of claimant’s property where it was located when he purchased the property in 1997. He estimates that it has been in the same location at least thirty years and it is the only source of water for claimant’s residence. The water flows through a pipe from the well, then through respondent’s sixteen to eighteen inch culvert under County Route 11/1, and continues on the other side of the road where it flows through the waterline across claimant’s meadow to his home. Claimant testified that there is approximately one-thousand feet of waterline extending from the well to his home.
In May 2002, the waterline to claimant’s home failed. At first, claimant believed that the line might be plugged so he decided to place a second waterline of 1000 feet on top of the ground from the same well across the meadow to his home. This waterline was in place from May 2002 until November 2002, when he hired a company to excavate the underground pipe to determine what was causing the problem. It was at this time that claimant found that there was a “kink” in the water line on the side of the road closest to claimant’s residence. According to claimant, the “kink” is approximately two to three feet from the edge of the road on the grassy berm. Further, claimant testified that he also observed a portion of County Route 11/1 “sliding” and “settling” parallel to the location where the kink was found in his water line. He stated that there is a crack in the surface of the road at this location and that as a result of the crack there is a large gap between two portions of the road. He estimated that this gap is between eight to ten *61 inches in width and height. This is the same location where claimant’s water line runs under the road. Claimant is of the opinion that the road is settling because there is nothing to maintain the weight of the road sufficiently. In addition, he stated that the weight of the traffic and the heavy rainfalls the prior year combined to cause this condition in the road. He is of the opinion that the condition of the road caused the damage to his water and the subsequent loss of his water supply. Claimant stated that if respondent had placed some type of retainer such as pylons along the hillside it would have prevented the road from sliding and causing the damage to his water line. Claimant also stated that since this was a mountainous area respondent should have been more diligent in providing support for the hillside and the road especially since the hillside was at such a steep angle. Claimant testified that he incurred expenses as a result of respondent’s negligence. He submitted invoices for installing a new water line. One invoice was in the amount of $291.40 and a second invoice in the amount of $219.47. Claimant also submitted an invoice into evidence in the amount of $856.00 for an air compressor and the excavation of the pipe. Claimant seeks a total award of $1,366.87.
Claimant asserts that respondent failed to provide proper support for the hillside causing the road to settle and crack which was the proximate cause of the damage to claimant’s water line.
Respondent’s position is that it acted reasonably and diligently in maintaining the road and hillside. Further, it did not have notice of the slip of the hillside until after the damage to claimant’s water line.
Jack D. Belknap, Equipment Operator Two for respondent, in Braxton County, testified that he is familiar with Comity Route 11/1 at the location of claimant’s property. Mr. Belknap stated that County Route 11/1 is a third priority road, but that it is not the lowest priority in terms of road maintenance. He stated that he believes that respondent’s right-of-way is fifteen to twenty feet from the center of the road in each direction. He first became aware of claimant’s loss of water flow in the Summer of2002 when claimant called and informed respondent that he had lost the water flow to his home due to a problem with respondent’s road. Mr. Belknap and an assistant visited the scene to determine what the problem may be. He testified that he saw clear water leaking from claimant’s water line on the side of the road where the ditch line and the well are located. He also testified that while he was there he did not observe any cracks in the road. The only noticeable action that he felt respondent could do at that location was to clear the ditch line. Mr. Belknap also stated that he informed claimant of the water leak and that there was nothing respondent could do to help because it was not responsible for repairing the water line. Further, Mr. Belknap testified that respondent had no prior notice of the road surface settling until the spring of2003. Mr. Belknap is of the opinion that any slippage at or near the location of claimant’s water line has been caused by excessive surface water that developed over the past few years as a result of heavy rainfalls. In addition, he testified that Braxton County has suffered from water damage this past year from the excessive rainfall.
Mark Nettleton, a Geotechnical engineer for respondent, is responsible for addressing landslides on behalf of respondent. Mr. Nettleton testified that he first went to the site of this incident on September 3,2003, with two other employees of respondent to investigate the cause of claimant’s problem. Mr. Nettleton testified that he observed a slip of the hillside below the road on the side of the road where claimant’s water line was damaged. He stated that this area looked like the “typical toe of a landslide”. However, he did not notice any slippage or problems with the hillside on the other side of the road. In Mr. Nettleton’s opinion, the last two years of heavy rainfall has caused *62 the water table to rise which in turn caused high pool pressures in the ground and embankment. This caused the soil below the road to weaken and the embankment to slide and give way. Further, he testified that this condition began on claimant’s property and progressed to the road. Mr. Nettleton testified that he did not observe anything on the hillside below the road that would indicate that anyone had done anything to cause this problem. According to Mr. Nettleton, in order to correct this problem a retaining wall, piling, or a buttress at the bottom of the hill is needed. However, he stated that the road was designed properly, and respondent was not negligent for failing to install a retaining wall at the time the road was designed. In addition, he did not believe that there was anything that anyone could have done along the edge of the road that would have prevented the lower side of the hill from sliding. In addition, he testified that the drainage system established by respondent was in good working condition. He stated that the water from the hillside above the highway on the left side of the road flows into the ditch line next to the highway at the bottom of the hill. This water flows through the culvert under the road which is the same one through which claimant’s waterline runs. The water then drops seventy to eighty feet over the edge of the hillside to the creek below which is located on claimant’s property. Mr. Nettleton testified that the ditch line and culvert are open and in good condition. In his opinion, this drainage system has not had any effect on softening the soil on the hillside or under the road.
The Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught v. Dept. of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court will examine whether respondent negligently failed to protect a claimant’s property from foreseeable damage. Rogers v. Div. of Highways, 21 Ct. Cl. 97 (1996).
In the present claim, claimant failed to establish by a preponderance of the evidence that respondent maintained County Route 11/1 or the supporting hillside in a negligent manner. While the Court is sympathetic to claimant’s situation, it is of the opinion that the cause of the slippage of the hillside is not a result of respondent’s negligence. The evidence adduced at the hearing established that the excessive surface water that has developed over the past two years as a result of heavy rainfalls is the cause ofthe slippage and claimant’s damages. Further, the evidence established that respondent had installed an adequate drainage system and maintained it adequately. While respondent’s witness testified that a retaining wall or buttress at the bottom of the hill would remedy the slip in the road, he did not state that the road was improperly designed or that respondent was negligent for not installing these devices. The evidence established that respondent did not have prior notice of a slip at this location. Thus, the Court is of the opinion that respondent was not negligent in failing to protect claimant’s property because it was not foreseeable that a slip would occur at this location.
In accordance with the finding of facts and conclusions of law stated herein above, the Court is ofthe opinion to and does deny this claim.
Claim disallowed.