BAKER, JUDGE:
The claimants brought this claim to recover for damages to their property as the alleged result of respondent’s negligent design and maintenance of the drainage system on U.S. Route 119, near Morgantown, Monongalia County. U.S. Route 119 is a road maintained by respondent in Monongalia County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
Claimants are the owners of real property adjacent to U.S. Route 119 near Morgantown. At this location, U.S. Route 119 is a two-lane road that traverses in a north-south direction. Claimants’ property is located on the west side of U.S. Route 119 at the bottom edge of a slope from the roadway. Claimants have owned the property since 1957. In 1997 claimants had a building constructed on this property to use as rental property. The building was built in front of a culvert pipe that was beneath U.S. Route 119 which had been there for an extended period of time. Claimant Kim Larew testified that the culvert pipe had been in place at the time the property was purchased. She stated that starting in 2000 there was flooding in the building, apparently from the run-off from the road which flowed through the culverts under U.S. Route 119. The flooding caused substantial damage to the building and to the personal property of its occupant. Ms. Larew testified that the culvert behind the building was old and deteriorated. In September 2002, respondent replaced the culverts allegedly responsible for the flooding. The new culvert pipes, while the same size in diameter as the former culverts, allegedly caused there to be more flooding to the property. Ms. Larew stated that the new pipe was not deteriorated, and it was her opinion that more water flowed through the new culvert pipe much easier and it was dispersed differently. She felt that this caused further problems. She testified that on several occasions she had different construction projects performed on the property attempting to alleviate the flooding problem. The flooding no longer is a problem since one of the construction projects provided an extension from respondent’s culvert into a catch basin. The water in the culvert now flows into a pipe beneath the ground thus alleviating the flooding. Claimants assert that as a result of the flooding which occurred on multiple occasions, claimants suffered $64,607.03 in damages.
Luther Dempsey, a licensed professional engineer, testified as an expert witness *167 for the claimants. Mr. Dempsey testified that culvert pipes were placed under U.S. Route 119 in order to convey water from the upper side of the roadway to the lower side of the highway with the claimants’ property located on the lower side. Mr. Dempsey stated that the culverts were placed on either side of the natural water course, the natural water course being the natural drainage area where the topography of the land is such that the water collects and drains naturally. He stated that due to the placement of the culverts, the water collected and discharged into places where it was not naturally collected and drained. This discharging of water into areas where it does not naturally discharge made the flooding possible and made it difficult for claimants to use the property to its fullest extent. Further, Mr. Dempsey testified that the respondent’s action of replacing the old culverts with new ones further exacerbated the problem. The new culverts transported water under the roadway more efficiently than the old, deteriorated ones. These new culverts, because they were not deteriorated or obstructed, deposited much more water than previously had been deposited on the claimants’ property. Mr. Dempsey stated that this would cause more flooding problems for the claimants. He also made recommendations to claimants as to how to alleviate the flooding problem. One of his suggestions was to collect water from the culvert pipes and route it by means of underground piping away from the improvements on the property. This suggestion was implemented by claimants, the cost of which is included in the damages claimed herein.
The position ofthe respondent is that the claimants failed to provide adequate drainage when they built their building directly in front of the culvert pipe, that claimants therefore assumed the risk of water flooding their building, and that it was not negligent in the design or maintenance ofthe drainage system near the claimants’ property adjacent to U.S. Route 119.
Kathy Westbrook, County Highway Administrator forrespondent in Monongalia County, testified that she had spoken to Ms. Larew regarding flood damage to a building on Ms. Larew’s property. Ms. Westbrook stated that Ms. Larew described a culvert pipe under U.S. Route 119 that was deteriorated and damaged, which was causing flooding in a building that she owned. After this telephone conversation, respondent sent employees to the area to inspect the culvert pipe. Ms. Westbrook stated that she was informed that there was water running through the pipe, but there was some deteri oration on the upper end of the pipe along the shoulder of the road. It was at tins time that the decision was made to replace the pipe. Ms. Westbrook stated that the pipe was replaced on September 26, 2001. She further stated that at no point after this maintenance was completed did she receive a complaint from Ms. Larew regarding further flooding problems.
George Hall, a retired research and geotechnical engineer for the technical section of the Design Division for respondent, testified as an expert witness for respondent. Mr. Hall testified that he researched the claimants’ property in the USGS Topographic map to determine the drainage areas and find the natural drainage situation. He stated that the building that claimants built on their property was placed directly in front of a culvert pipe such that it blocks the flow of water from the culvert that would normally flow through the natural drainage area. He stated that the construction of the building in its location blocked the water flowing from the culvert which had flowed into the natural drainage area prior to the time that the building was constructed. Mr. Hall testified that the location of the building allowed only a restricted area for any water flow that came from the culvert, further causing potential flooding problems. He stated that it is not respondent’s responsibility to create a sufficient catch basin on private property *168 when the owner of that property constructs a new building directly in front of a culvert pipe. Mr. Hall testified that by constructing the building directly below a culvert and failing to provide an adequate means for the water flowing from the culvert to be dispersed, the claimants in effect created the flooding problems which they experienced.
The Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court will examine whether respondent negligently failed to protect a claimants’ property from foreseeable damage. Rogers vs. Div. of Highways, 21 Ct. Cl. 97 (1996)
In the instant claim, claimants have failed to establish that respondent maintained its drainage structures on the west side of U.S. Route 119 in Monongalia County in a negligent manner. The Court is of the opinion that respondent took reasonable actions when it replaced the culvert pipe after receiving notice that the culvert pipe was in a deteriorated condition. The terrain in this area of U.S. Route 119 places claimants’ property in a low area which is the natural drainage area. In addition, the Court concludes that there are many factors, other than the actions taken by respondent, which have brought about the flooding that caused the damages to claimants’ property. Claimants knowingly built a building directly in front of the culvert pipe and failed to provide an adequate catch basin that could have been connected to the culvert pipe at the time of construction of the building. Consequently, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.
The Honorable Benjamin Hays Webb, II, took part in the hearing of this claim, but he did not participate in the decision or opinion due to his untimely death.