PER CURIAM:
Claimant brought this action for property damage to his real estate which he alleges occurred as a result of respondent’s negligent maintenance of a drainage system. Claimant’s residence is located in Roane County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
Claimant’s property is adjacent to County Route 19/8, locally known as Mount Hope Road. The incident giving rise to this claim occurred on June 13, 2003. A heavy rainfall occurred around June 13, 2003, which resulted in part of claimant’s property slipping and giving way which is the basis for the claim herein. Mr. Fields asserts that at some time prior to June 13, 2003, respondent conducted a project on County Route 19/8 and removed a ridge of dirt from the side of the road. Claimant alleges that it was this action by respondent that channeled more water onto his property, as the water from the roadway now flowed down a hillside and in front of the house on Ms property. Mr. Fields stated that there were two slips that occurred on June 13, 2003. The first slip occurred adjacent to the roadway, causing dirt and debris to slip onto the driveway to his house. This slip along the road had occurred previously and had been there for nearly 20 years. Mr. Fields testified that respondent had previously attempted to repair flus slip on several occasions. Claimant testified that this slip blocked off the drainage ditch alongside his driveway which caused more water to flow into the front lawn. The second slip occurred in the front lawn of Ms property. Claimant asserts that due to the actions of respondent in removing the mound of dirt from the side of County Route 19/8, more water has flowed onto this section of his property, causing part of the lawn to slip. Mr. Fields testified that prior to the removal of the ridge of dirt by respondent there had been no slippage problems with the front lawn of Ms property. As a result of the land slip on his property, claimant alleged damages in the amount of $3,500.00 for the cost of repairing the damage that was done to his property.
Sheila Chapman testified on behalf of the claimant that she would help take care of claimant’s property with her sister and brother-in-law when Mr. Fields was not at the property. Ms. Chapman stated that she tried to help the claimant by contacting respondent about the slip in the road. She was also at the property shortly after the slip in the front lawn occurred. Ms. Chapman testified that the slip came after a heavy rain. She also stated that she witnessed water flowing from the hill from County Route 19/8 around the date of the incident involved herein.
The position of the respondent is that it was not negligent in the maintenance of the drainage system on County Route 19/8. Respondent conducted work on the shoulders and ditches of County Route 19/8 on August 27, 2002. Lee Thome, Assistant District Engineer for Maintenance for District TMee, wMch includes Roane County, testified that he is in charge of the slip repair program for District TMee. Mr. Thome stated that respondent has been aware of the slip along County Route 19/8 for some time. He stated the slip is approximately 85 feet long. Mr. Thome testified that in District Three the slip on County Route 19/8 was slip number 88 on the list of slips to repair in the district and that it was number four on the list of slips to repair M Roane County. However, Mr. Thome stated that there is no design as of yet for the repair of this slip. According to Mr. Thome, this was a relatively minor slip and that it is simply a matter of funding and setting priorities based on traffic flow to determine wliich slips are repaired. He also *235 stated that the soil types in the area of claimant’s property are prone to slips, especially when there is a lot of rain.
Elizabeth Lilly, a professional engineer employed by respondent, conducted an on-site inspection of claimant’s property. Ms. Lilly testified that she observed the natural drainage pattern of the land. She opined that regardless of whether the ditch line along the driveway of claimant’s property was blocked, water would flow into the same area of claimant’s front lawn due to the natural drainage in that area. Ms. Lilly testified that there was a drain pipe that led from the ditch line adjacent to the driveway to the area of the front lawn that slipped. She stated that due to the natural drainage pattern and the steepness of the driveway, the majority of the water would flow down the driveway and into the same location in the front lawn regardless of whether it flowed in the ditch line alongside the driveway or if it flowed onto the driveway because the ditch line was blocked by debris. Ms. Lilly stated that the slip in the front lawn was in the area where the water came out of the drain but much wider, which was probably attributable to a few years of excessive rain. She also stated that this area was prone to slips in the land due to the type of soil in the area. This Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court will examine whether respondent negligently failed to protect a claimant’s property from foreseeable damage. Rogers vs. Div. of Highways, 21 Ct. Cl. 97 (1996).
In the instant claim, claimant has failed to establish that respondent maintained the drainage structures on County Route 19/8 in Roane County in a negligent manner. The terrain in this area of County Route 19/8 forms a natural drainage area onto claimant’s property. The Court concludes from all the testimony and evidence that the water that flowed into claimant’s front lawn would have flowed into that same area regardless of whether the ditch line alongside the driveway was blocked or not. Consequently, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.