PER CURIAM:
Claimant brought this action for property damage to her real estate which she alleges occurred as a result of respondent’s negligent maintenance of a drainage system. Claimant’s property is adjacent to County Route 61/24, locally known as Armstrong Creek Road and County Route 61/46, locally known as Post Office Road, in Kimberly, Fayette County. The Court is of the opinion that there is liability on the part of respondent in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred in May of 2003. A heavy rainfall occurred which resulted in flooding in the building on claimant’s property, which is the basis for the claim herein. Ms. Middleton asserts that at some time prior to May of 2003, respondent had paved the parking lot for the Kimberly Post Office. Claimant alleges that it was this action by respondent that channeled more water onto her property, as the water from the parking lot now flowed down County Route 61/46, and along the back of the building on her property. Ms. Middleton stated that County Route 61/46 slopes towards her building and that the water has no where to go but to the back of her building. She testified that the grade of County Route 61/46 was previously lower than her building, but that it has been built up over the years by respondent so that the building is now lower than the level of the road. Claimant *85 testified that respondent also came out and built a berm along the side of County Route 61/46 adjacent to her building, but that it had been flattened near her property and water still collected at the back of her building. Ms. Middleton stated that her family has owned this property for thirty years, and that the flood in May of 2003 was the only flood there had been on that property. She stated that during the flood there was damage done to carpeting, the floor, a computer, and clothing that had been prepared by The Cutting Edge business. As a result of the flooding on her property, claimant alleged damages but the amount of damages has yet to be determined.
The position of the respondent is that it was not negligent in the maintenance of the drainage system on County Route 61/46. Danny Hypes, Crew Foreman for respondent in Fayette County, testified that the first time his office became aware of a problem at claimant’s property was when the claimant made telephone calls to his office about the flooding. Mr. Hypes testified that his office received a telephone call from claimant on May 13, 2003. A drop inlet and culvert pipe were placed in front of claimant’s property and under County Route 61/24 in June of 2004, as a result of this complaint. He stated that as a result of a telephone call from claimant on May 22, 2003, crews for respondent put a gravel benn down the side of county Route 61/46 furthest from claimant’s property. Mr. Hypes testified that there were telephone calls complaining about vehicles scraping their bottoms on this berm while pulling into the Kimberly Post Office parking lot, and as a result of these complaints, respondent placed an asphalt berm on the side of the road adjacent to claimant’s property.
Doug Kirk, an hydraulics engineer for respondent, conducted an on-site inspection of claimant’s property. Mr. Kirk stated that the claimant’s building is lower than all of the surrounding ground and is on a concrete slab at the existing ground level. He stated that the structure is built in a low area and that the floor elevation was built lower than any other building in the area. He also stated that the roof drains for the building drain directly to the ground adjacent to the property, further contributing to the amount of water that collects at the back of the building.
The position of the respondent is that it was not negligent in its maintenance of the drainage system for County Route 61/46 and both the property’s location in a low area and the building’s roof drains contributed to the claimant’s flooding problem.
This Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court will examine whether respondent negligently failed to protect a claimant’s property from foreseeable damage. Rogers vs. Div. of Highways, 21 Ct. Cl. 97 (1996). I n the present claim, claimant established that respondent had paved the Kimberly Post Office Parking lot. The paving of this lot cast water from both the lot and County Route 61/46 onto claimant’s property. While respondent did install an asphalt berm along County Route 61/46, this did not remedy the situation due to the alley directly behind claimant’s property. The Court concludes from all the testimony and evidence that prior to respondent paving the post office parking lot, claimant’s property did not have a problem with flooding. Thus, the Court is of the opinion that the respondent is liable for the damages which proximately flow from its inadequate protection of claimant’s property from foreseeable damage, and further that respondent is liable for the damages to claimant’s property.
In accordance with the findings of fact and the conclusions of law stated herein above, the Court hereby directs the Clerk of the Court to place this claim on the docket for a hearing on the matter of damages.