PER CURIAM:
Claimant brought this action for property damage to his real estate which he alleges occurred as a result of respondent’s negligent maintenance of a drainage system. Claimant’s residence is located in St. Albans, Kanawha County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
Claimant’s property is adjacent to County Route 60/2, locally known as Strawberry Road. The incidents giving rise to this claim occurred during May 2003, and specifically on May 28, 2004, and June 22, 2004. On each of these occasions heavy rainfall occurred which resulted in flooding inside claimant’s residence which is the basis for the claim herein. Mr. Meester stated that he bought the property in May 2002, and that the first flooding did not occur until 2003. In May 2003, claimant testified that there was a heavy rainfall which resulted in the flooding of the entire basement. Mr. Meester stated that there was as much as one foot of water in some areas. Claimant testified that after this flood, he contacted respondent about inspecting a culvert that extends from a ditch across the street from his property, beneath County Route 60/2, then imder his property and into a junction box at the rear of his property. He further stated that in June 2003, respondent inspected the culvert beneath County Route 60/2 and indicated that there were no problems with the culvert. Mr. Meester stated that there was some flooding in his residence during 2003 whenever there was a heavy rain. Michael Shields, a roommate of the claimant, testified that on May 28, *143 2004, there was a heavy rain which resulted in approximately six inches of water in the basement. Mr. Shields stated that there was red clay silt in the water, which he assumed came from a construction site across County Route 60/2 and up a hill away from claimant’s property. In June 2004, claimant employed B-Dry Systems to install a system of three sump pumps in claimant’s basement to alleviate flooding within his residence. On June 22,2004, Mr. Shields noticed water coming up like a geyser out of a hole in the ground next to claimant’s residence. The claimant testified that the hole in the ground is directly above the location of the culvert that extends underground through his property. As a result of the flooding in his residence, claimant alleges damages in the amount of $6,441.00 for the cost of the drainage system installed by B-Dry Systems.
The position of the respondent is that it was not negligent in the maintenance of the drainage system on County Route 60/2. Darrin Holmes, a professional engineer employed by respondent, conducted an on-site inspection of claimant’s property. Mr. Holmes testified that he observed the natural drainage pattern of the land. He opined that claimant’s back yard was the lowest point of any of the surrounding property and that at one time there was a natural ravine which included the area where claimant’s residence and property is now located. Mr. Holmes stated that the natural water course for this area is where the natural ravine was once located. He stated that at some point, this ravine was covered up and an outlet pipe was installed. Mr. Holmes stated that there is a fifteen inch metal pipe that runs beneath County Route 60/2 and that this pipe connects to a concrete pipe that extends under claimant’s property to a junction box at the back of claimant’s property. He testified that the concrete pipe that extends under claimant’s property is also fifteen inches in diameter. On September 25, 2006, respondent contracted with Underwater Services Limited to inspect the pipe that extends beneath County Route 60/2 and claimant’s property. Mr. Holmes stated that there was a blockage in the pipe and that this blockage was directly under a Silver Maple tree growing on claimant’s property. Mr. Holmes opined that the tree is pressing the ground of the slope of the concrete pipe on claimant’s property causing a depression in the pipe. He stated that this depression provides sediment and other debris a place to slowly build up over time, causing a blockage in the pipe which causes water to back up and flow out of the hole in the ground that claimant’s house mate observed on June 22, 2004, and described as appearing like a geyser of water shooting out of the ground. Mr. Holmes further stated that the tree on claimant’s property is not on respondent’s right of way along County Route 60/2.
This Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court will examine whether respondent negligently failed to protect a claimant’s property from foreseeable damage. Rogers vs. Div. of Highways, 21 Ct. Cl. 97 (1996).
In the instant claim, claimant has failed to establish that respondent maintained the drainage structures oh County Route 60/2 in Kanawha County in a negligent manner. The terrain in this area of County Route 60/2 forms a natural drainage area onto claimant’s property. The Court concludes from all the testimony and evidence that the water that flowed into the culvert under claimant’s property would have flowed into that same area regardless of whether the culvert under claimant’s property was blocked or not. Further, there was no evidence presented that respondent knew or should have known of a problem with its culvert prior to the incidents involved in this claim nor was there any evidence presented that there was a problem with *144 respondent’s culvert. It is apparent to the Court that the tree growing on claimant’s property was the proximate cause of the problem with the culvert since it depressed the ground over the culvert. The Court was able to observe the blockage in the culvert from the video of the inside of the culvert prepared during an inspection of the culvert by respondent’s contractor. This video provided the Court with a view of the culvert, the depression in the culvert, and the debris resulting in the blockage which caused water to flow out of the culvert and onto the ground surrounding the area where it was then able to flow into claimant’s residence. Thus, the Court is of the opinion that the flooding on claimant’s property was not caused by any action or inaction on the part of tire respondent. Consequently, there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.