PER CURIAM:
Claimant brought this claim for damage to the driveway of his property, located in Clarksburg, Harrison County, which he alleges occurred as a result of respondent’s negligent maintenance of the ditch lines on Strother Lane. Claimant asserts that when there is a heavy rain, water flows from Strother Lane onto County Route 7 and then washes onto thirty feet of his driveway, making it impassible. Claimant seeks to recover $4,800.00 for the cost of replacing gravel that was washed *46 away from his driveway by the flow of surface water. The Court finds that claimant is entitled to recover in this claim for the reasons more fully stated below.
Claimant testified that he purchased his property in 1999, and that the problems involved in the instant claim began in 2001. The property was inspected at the time that it was purchased, and there were no water problems on the property previous to 1999. Claimant testified that whenever it rains, water flows from Strother Lane, a gravel road, crosses onto County Route 7, apavedroad located perpendicular to Strother Lane, and then flows onto his property. Claimant indicated that his property is located below Strother Lane and County Route 7. Due to the flow of the surface water, the gravel on his property has washed away, creating ruts on his thirty-foot driveway. Claimant testified that by easement the driveway serves as a private road that is used by four families and two businesses to travel to and from their properties and County Route 7.
Claimant seeks to recover the cost of placing gravel onto his driveway. The documentation provided by the claimant at the hearing of this matter indicates that the cost of labor and equipment to perform the work amounts to $605.00; the cost often tons of gravel amounts to $243.10; and the cost of moving equipment onto his property to perform the necessary repairs amounts to $310.00. Thus, claimant’s damages total $1,158.10.
The position of respondent is that it was not negligent in its maintenance of the drainage system on Strother Lane. David Cava, Highway Administrator for respondent in Harrison County, testified that he is familiar with the area involved in this claim. Mr. Cava stated that since Strother Lane is a gravel, dead end road, and the rest of the road has been officially abandoned. It is considered a fourth priority road in terms of its maintenance. County Route 7, which intersects with claimant’s driveway, is considered a second priority road in terms of its maintenance.
Mr. Cava stated that the claimant first contacted him regarding the water problems on Strother Lane and County Route 7 after September 4, 2007. Mr. Cava testified that subsequent to a flood event, respondent cleaned the rocks off the road, maintained the approach on Strother Lane, and performed repairs near the claimant’s driveway. Afterwards, respondent cleaned out and removed several culvert pipes on both sides of the road. Then, respondent installed slotted drainpipes across Strother Lane to catch the surface water that flowed onto the middle of the road. Respondent also paved the area on Strother Lane where the pipes were installed. Mr. Cava explained that respondent could not make the two-foot ditch at this location any deeper because it would create a hazard on the side of the road for the traveling public.
Mr. Cava testified that after a rain fall event that occurred in May of 2009, the slotted drain pipe was approximately two-thirds fall of gravel and stone, and the ditches at this location were almost full. Mr. Cava further stated that there are few culverts and ditches in Harrison County that could withstand the amount of water in this area. In addition, claimant’s property is located at a lower elevation than County Route 7 and Strother Lane. He stated that respondent can alleviate the problem by flushing the pipe and reopening the ditches.
The Court has held that respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haughtv. Dep’t of Highways, 13 Ct. Cl. 237, 238 (1980). In claims of this nature, the Court will examine whether respondent negligently failed to protect a claimant’s property from foreseeable damage. Rogers v. Div. of Highways, 21 Ct. Cl. 97, 98 (1996).
*47 The Court finds that respondent was negligent in its maintenance of the drainage system on Strother Lane. The photographs demonstrate that water flowing from Strother Lane and onto County Route 7 would then wash onto claimant’s property, which eroded the condition of the claimant’s driveway. Since the failure to maintain adequate drainage was the proximate cause of the damages sustained to claimant’s property, the Court finds respondent negligent, and claimant may make a recovery for his loss. Therefore, the Court finds that $1,158.10 is a fair and reasonable amount of compensate the claimant for the damages to his property.
Accordingly, the Court is of the opinion to and does make an award in the amount of $1,158.10.
Award of $1,158.10.