CECIL, JUDGE.
Claimant brought this action for property damage to his residence which he alleges occurred as a result of Respondent’s negligent maintenance of a drainage system on State Route 62. Claimant’s residence is located at 601 6th Avenue South, Hometown, Putnam County, West Virginia. Claimant asserts that water flows across State Route 62 and onto his property and contends that the water has caused damage to the duct work and furnace under his house. State Route 62 is a public road maintained by Respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
Claimant testified that rain events occurring on September 13,2006, October 17,2006, October 27,2006, and April 1,2007, caused flooding onto Claimant’s yard and into the crawl space beneath his home. Claimant’s property is located to the south and parallel to State Route 62. Claimant testified that a third party property owner, whose property is located on the opposite side and to the north of State Route 62, installed a driveway which reduced the width of the original ditch line. The runoff from the watershed, located behind that property, then flows into pipes that cannot contain that volume of water, which rises out of the channel. Since this ditch is no *92 longer large enough to hold the run-off and the natural lay of the land has been altered by third party property owners, the water now flows across State Route 62 and onto Claimant’s property. Although Respondent took measures in October of 2009 to alleviate the excessive drainage, the problem persisted. Claimant stated that his neighbors located to the south of State Route 62 have also sustained damage to their properties. However, Claimant contends that his property incurred the most damage.
Claimant has not filed suit against the third party property owners for diverting water onto his property. Claimant asserts that Respondent is responsible for failing to prevent the water from flowing south and across State Route 62 and onto his property. Thus, Claimant seeks to recover $6,369.00 for the cost of repairing the damage to his property.
Respondent contends that the water drainage problems were caused by third party property owners who re-directed the water onto the Claimant’s property.[8] Testifying as Respondent’s expert was Darrin Andrew Holmes, a professional civil engineer who has worked for Respondent as a hydraulics engineer for the past five years. Holmes visited Claimant’s property on January 13,2010, and reviewed aerial photographs, mapping data, and Claimant’s photographs in reaching his opinions regarding the cause of the water flow problems onto Claimant’s property.
Flolmes opined, to a reasonable degree of engineering certainty, that the cause of the water problems was the re-routing of the natural drainage course to a point alongside State Route 62. He explained that a natural drainage course is the path that run-off would take from the highest point in the watershed to the lowest point or its outlet. He stated that the two natural drainage sources are located to the north of State Route 62 across from Claimant’s property. Access Road One is a private driveway that leads to a trailer located parallel to State Route 62 to the northeast of Claimant’s property. Access Road Two is a private driveway located to the left and up the hill to a home that sits to the north of State Route 62. There is a 12-inch pipe under Access Road Two that carries the water south. Before the third party property owner re-directed the course of the water on Access Road Two, the water would flow into a two-foot wide by three-foot deep box culvert located beneath State Route 62 was adequate to handle normal drainage.
In addition, the natural lay of the land was disturbed when a second driveway on Access Road One was created north of State Route 62. This third party property owner placed a trailer on the northeast hillside, creating an additional obstruction to the natural flow of water off the mountain.
After the third party property owner expanded his driveway on Access Road Two, a flume was created by diverting the natural course of the water, to a point where the 24-inch and 18-inch pipes on the private driveways were inadequate to accommodate the volume of run-off. The re-routed channel is constricted and much smaller in comparison to the original natural channel.
In October of2009 Respondent replaced the existing 18-inch ditch line with a new 24-inch ditch line and increased the depth of the ditch from two to four feet. In spite of that replacement, the run-off of water still flows across State Route 62 and onto Claimant’s property. Holmes further opined that the only solution is to restore the natural drainage course to its original state so that the run-off would be directed into the two-foot by three-foot box culvert. According to Holmes, Respondent is *93 unable to resolve the problem because it would require placing culverts under private property.
This Court has held that Respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught v. Dep’t of Highways, 13 Ct. Cl. 237 (1980). In claims ofthis nature, the Court will examine whether Respondent negligently failed to protect a Claimant’s property from foreseeable damage. Rogers v. Div. of Highways, 21 Ct. Cl. 97 (1996).
Bryant v. Div. of Highways, 25 Ct. Cl. 235 (2005) involved facts similar to those in the instant case. In Bryant, water flowed onto Claimant’s property not only from State maintained roadways but also from private property located across the street from Claimant’s property on the hillside. Id. at 231. The Court held as follows:
Claimants have failed to establish that Respondent maintained the drainage structures on Sidney Street in Raleigh County in a negligent manner. The evidence establishes that water flows onto Claimants’ property not only from the State maintained roadways but also from a private property located across the street from Claimants’ property on the hillside where new construction is ongoing. There are more sources of the water flowing on Sidney Street than just that from the road itself. Consequently, there is no evidence of negligence on the part of Respondent upon which to base an award. Id.
As in Bryant, the Court in the instant case finds that the water problems were caused by the actions of third party property owners and not Respondent. The evidence established that the third party property owners disturbed the natural flow of the water in this area, causing run-off to overflow onto State Route 62 and onto Claimant’s property. The Court cannot hold Respondent liable when the third party property owners created the water problems by expanding the driveway, constricting the natural flow of run-off, and altering the original lay of the land. As Holmes indicated, Respondent cannot remedy the problem when its originates on private property. Thus, there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law as stated herein, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 Respondent stipulates to the facts as presented by the Claimant.