PER CURIAM.
Claimants brought this action for damage to their residential property. The Court heard the claim on June 9, 2010, after which the matter was taken under advisement. The Court has reviewed the entire record in this action, including the transcript of the hearing, and is now of the opinion that the claim should be denied.
Claimants reside at 112 Armory Road, which is located in Monaville, Logan County, West Virginia. Their one acre lot consists of the residence and certain other improvements, including an in-the-ground swimming pool. Island Creek crosses under Armory Road at that place and is the side boundaiy line of Claimants ’ property. A lesser creek, the “tributary stream,” constitutes Claimants’ rear lot line and flows into Island Creek at the rear corner of the subject lot.
On April 15,2007, at 1:30 a.m., muddy water flooded Claimants’ property, resulting in the damages complained of. The principal complaint is that the flood water collapsed the cover of the swimming pool and filled it with mud. Claimants dug the mud out by hand to avoid shovel marks on the pool liner.
Claimants produced evidence that their damages totaled $1,603.99. Flowever, on April 18,2007, their comprehensive coverage deductible was $1,000.00. Thus, $1,000.00 is the maximum amount that the Court could award in this claim.
In order for the Claimants to receive an award in this claim, they have the burden of establishing that Respondent is legally responsible for the flooding of their property. This they failed to do.
Claimant Paula E. Barker was the only witness called by the Claimants at the hearing. She testified as follows:
Although it had been raining for more than one day, when her property flooded, at 1:30 a.m. on April 15, 2007, Island Creek had not come out of its banks. Thus, the water that flooded her property came from the area drained by the tributary stream.
A one-lane alley intersects Armory Road about ten houses from the Claimants’ residence. That alley, locally known as Mountain Peak Road, goes into a hollow which is drained by the tributary stream and this tributary, at one point, flows through a culvert under the alley.
Ms. Barker opines that at some time shortly before 1:30 a.m. this particular culvert beneath the alley became blocked by mud and other debris, diverting the water in the tributary stream from its bed, through the hollow where it then flowed onto Claimants’ property. She submitted these arguments to support this premise. First, a flood event occurred three years prior to 2007, when the Claimants were negotiating for the purchase of the subject property. She was told by the neighbors at that time that the cause of that prior incident was a blockage in the same culvert in the hollow during a heavy rainfall.
Second, the flood water at 1:30 a.m. suddenly rose “knee deep” in her yard. Third, the neighbors on April 15, 2007, again told Ms. Barker that the cause of her loss was the blockage of the culvert.
This Court cannot consider unsworn statements made out of the hearing *171 room by disinterested third parties as evidence in this case.[25] The Respondent must be given an opportunity to cross-examine such witnesses. Thus, the statements of the neighbors must be disregarded by the Court in rendering its decision, unless the neighbors appear at the hearing and submit to questioning by both parties under oath.
With the hearsay statements of the neighbors excluded, there remains no credible evidence as to what caused the flood on Claimants’ property. Likewise, there is no credible evidence that the alley is part of the State Highway system, or that the culvert’s maintenance is Respondent’s responsibility, or that the culvert was in fact blocked. Respondent did not present a witness at the hearing with personal knowledge of any of these issues.
This Court has held that Respondent has a duty to provide adequate drainage of surface water, and drainage devices must be maintained in a reasonable state of repair. Haught v. Dep’t of Highways, 13 Ct. Cl. 237 (1980). In claims of this nature, the Court will examine whether Respondent negligently failed to protect a Claimant’s property from foreseeable damage. Id.
One other factor that also supports the position of the Court that there should be no recovery by the Claimants in this action. Ms. Barker testified that, before Claimants purchased the property, the exact same flooding occurred during a period of heavy rainfall. Her only justification for going ahead with the purchase of the property was that she and her husband “wanted the home.” It could be said with some justification that Claimants, by proceeding with the purchase, may have assumed the risk of the flooding that occurred in 2007.
Thus, the Court concludes that Claimants have failed to establish that Respondent was responsible for the flood damages sustained to their property in 2007. In accordance with the findings of fact and conclusions of law as stated herein, the Court is of the opinion to and does deny this claim.
Claim disallowed.

This is known as “hearsay evidence.”